UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **AUDREY GOVER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | **CIVIL ACTION NO.:** _____ |
| **BLACK LABEL SERVICES, INC.,** § | |
| **BLACK LABEL SERVICES, INC. –** § | |
| **SOUTH TEXAS,** § | |
| § | |
| **Defendants.** § | |

### DEFENDANTS BLACK LABEL SERVICES, INC., AND BLACK LABEL SERVICES, INC.-SOUTH TEXAS' NOTICE OF REMOVAL

Defendants Black Label Services, Inc. and Black Label Services, Inc. – South Texas, by their attorney and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), file this Notice of Removal of the above-entitled action to this Court from Bexar County District Court, Texas. In support of this Notice of Removal, Defendants state as follows:

### I.  INTRODUCTION

1. On September 19, 2024, Plaintiff Audrey Gover filed a copy of Plaintiff's Original Petition, entitled *Audrey Gover v. Black Label Services Inc., Black Label Services, Inc.-South Texas*, in Bexar County District Court, Texas.

2. Plaintiff initiated this action by serving a copy of Plaintiff's Original Petition upon Defendant via certified mail postmarked on October 24, 2024.

3. In connection with the termination of her employment, Plaintiff alleges a claim for retaliation under the Texas Labor Code.

4. There have been no court appearances or proceedings to date in the state-court matter.

## II.     GROUNDS FOR REMOVAL

5.     In order to be timely, a Notice of Removal must be filed within thirty days of receipt of the initial pleading.  *See* 28 U.S.C. 1446(b) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353–56 (1999) (stating that the thirty-day removal period begins when the defendant is formally served).

6.     Removal is timely because Defendants have removed this action within thirty days of receipt of the Summons and Petition.  As noted above, the Summons and Petition were post-marked for certified mail on October 24, 2024.  The exact date Defendants received the Summons and Petition is unknown.  Notwithstanding, even assuming Defendants received the Summons and Petition on the day it was post-marked (which they did not), thirty days from October 24, 2024, excluding weekends, Fed. R. Civ. P. 6(a), is today, November 25, 2024.

7.     This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The requirements of 28 U.S.C. § 1332(a) have been met because, as detailed below, there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### A.     Plaintiff Is a Citizen of the State of Texas.

8.     For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.").

9.     In her Original Petition, Plaintiff alleges that she is a citizen of the State of Texas residing in Bexar County, Texas.  (Exhibit C, Plaintiff's Original Petition at 1.)

10. Accordingly, Plaintiff is a citizen of the State of Texas for purposes of establishing diversity.

**B.   Defendants Are Not Citizens of the State of Texas.**

11. Pursuant to 28 U.S.C. § 1332(c)(1), "for purposes of this subsection and section 1453 [28 U.S.C. § 1453], [a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 91–92 (2010). Under the "nerve center" test, the principal place of business is the state in which the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.* at 92.

12. Defendant Black Label Services, Inc. is, and has been at all times since this action commenced, a corporation organized under the laws of the State of Colorado and with a principal place of business in the State of Colorado. (*See* Exhibit D, Declaration of Andrew Henderson , ¶ 3 [hereinafter Henderson Decl.].)

13. Defendant Black Label Services, Inc. – South Texas does not functionally exist as a separate entity from Black Label Services, Inc. Rather, it is merely a branch location providing the services of Defendant Black Label Services, Inc. in the South Texas region. (*See* Henderson Decl. ¶ 4.)

14. The two cannot be considered separate entities for purposes of a diversity analysis. *Burnside v. Sanders Assocs., Inc.*, 507 F. Supp. 165, 166-67 (N.D. Tex. 1980), *aff'd*, 643 F.2d 389 (5th Cir. 1981). Black Label Services, Inc. controls all operations of the South Texas branch out of its Colorado headquarters. (*See* Henderson Decl. ¶ 5.) The leadership of both entities consists

of two Chief Executive Officers, one Chief Financial Officer, and one Director of Human Resources, all based in Colorado. (*Id.*)

15. This Colorado leadership team ultimately supervises and directs all operations (including those in South Texas), including all strategic initiatives, all business decisions, all financial decisions, all marketing decisions, and all human resources, payroll, and other administrative functions. (*Id.* ¶ 6.)

16. While Black Label Services, Inc. – South Texas has local and regional management, those local and regional managers are vested with limited day-to-day authority and cannot make ultimate decisions customarily made by corporate officers. Those decisions are made in Colorado. (*Id.* ¶ 7.)

17. All financial data originating from Black Label Services, Inc. – South Texas's operations are ultimately maintained in the corporate book of all Black Label Services, Inc.'s business in Colorado. (*Id.* ¶ 8.)

18. Thus, Black Label Services, Inc./Black Label Services Inc. – South Texas, being one and the same entity, are citizens of the State of Colorado.

**B.     The Amount in Controversy Exceeds $75,000.**

19. Although Defendant denies any liability as to Plaintiff's claim, the amount-in-controversy requirement is satisfied because Plaintiff seeks remedies in excess of the $75,000 threshold. As the proponent of federal jurisdiction, "the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The relevant jurisdictional fact the removing party must show is whether "a fact finder could legally conclude" that "the damages the plaintiff suffered are greater than $75,000." *Quiroz v. Cold Iron Specialized Driveaway, Inc.*, No. CIV.A. 3:03-CV-

2599M, 2004 WL 769256, at *2 (N.D. Tex. Mar. 30, 2004) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). The removing party must prove this fact by a preponderance of the evidence. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

20. The removing party's burden to show that the amount in controversy exceeds the jurisdictional threshold can be proven in two ways. "First, jurisdiction will be proper if it is facially apparent from the plaintiffs' complaint that their claims are likely above [$75,000]." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (alteration in original) (citation omitted) (internal quotation marks omitted). Alternatively, "[i]f the value of the claims is not apparent, then the defendants may support federal jurisdiction by setting for the *facts*—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id.* (alteration in original) (citation omitted) (internal quotation marks omitted).

21. In this case, a reasonable fact finder would conclude the damages are greater than the requisite amount. In Plaintiff's Original Petition, she requests damages for mental anguish in the past and future; back pay, including lost wages and benefits; future pay, including future bonuses, lost earnings, and benefits; and attorney fees. (Exhibit C, Plaintiff's Original Petition at 4.)

22. Plaintiff was discharged from Black Label Services, Inc. on or about September 20, 2022. (Exhibit C, Plaintiff's Original Petition at 2–3.) Plaintiff's annual base salary (excluding commission) was $75,000 at the time of her discharge. (*See* Henderson Decl. ¶ 9.) Defendants reasonably assume this case will go to trial approximately one year from now, and if Plaintiff prevails at trial, any judgment would accordingly be entered over three years (36 months) after her discharge date. Plaintiff's damages for lost wages for that period alone would therefore amount to over $225,000 in base salary, far exceeding the $75,000 threshold to meet the jurisdictional

amount-in-controversy requirement. Beyond that, Plaintiff seeks damages for past and future mental anguish, back and front pay, loss of employment, loss of employment benefits, pre- and post-judgment interest, costs, and attorneys' fees. *See Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 843 (N.D. Tex. 2020) (ruling that a claim for only $42,000 in lost wages combined with claim for compensatory damages, punitive damages, and attorneys' fees more likely than not exceeded the $75,000 amount-in-controversy threshold).

23.     Thus, it is more likely than not that the amount in controversy exceeds $75,000 in this case, satisfying the threshold amount-in-controversy requirement for diversity jurisdiction in this Court.  28 U.S.C. § 1332(a).

### III.     PROCEDURAL REQUIREMENTS

24.     Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the State Court Action |
| C. | Plaintiff's Citation and Original Petition Filed on September 19, 2024 |
| D. | Declaration of Andrew Henderson |
| E. | List of Counsel |

### IV.     CONCLUSION

25.      Because this action is between citizens of different states and the amount in controversy plausibly exceeds $75,000, exclusive of interest and costs, this Court has original over this action pursuant to 28 U.S.C. § 1332(a).  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

26. Because this action is pending in Bexar County District Court, Texas, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

27. Prompt written notice of this timely Notice of Removal is being sent to Plaintiff through her counsel and to the Clerk of the Court for the Bexar County District Court, Texas, as required by 28 U.S.C. § 1446(d).

28. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support, and their legal contentions are warranted by existing law.  The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Respectfully Submitted,

FAEGRE DRINKER BIDDLE & REATH LLP
*/s/ Susan E. Egeland*
SUSAN E. EGELAND
Texas Bar No. 24040854
susan.egeland@faegredrinker.com
2323 Ross Avenue, Suite 1700
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)

***Attorney for Defendants***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on November 25, 2024.

LAW OFFICE OF ROBERT A.VALDEZ
700 S. Zarzamora Street, Suite 308
San Antonio, Texas 78207
Ph: 210-227-2401
Fax: 210-227-6948
attyrobertvaldez@yahoo.com

*/s/ Susan E. Egeland*
SUSAN E. EGELAND