**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**AUDREY GOVER,**

      *Plaintiff*,

**v.**                                                                                    **Case No. 5:24-CV-1358-JKP**

**BLACK LABEL SERVICES, INC., and**
**BLACK LABEL SERVICES, INC. –**
**SOUTH TEXAS,**

      *Defendants.*

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Report and Recommendation of United States Magistrate Judge

(ECF No. 20) filed on August 18, 2025. The Magistrate Judge recommends that, pursuant to Fed.

R. Civ. P. 41(b), the Court dismiss all claims by Plaintiff for want of prosecution or failure to

comply with court orders. The Magistrate Judge provided instructions for service and notified all

parties of their right to object. The notice informed the parties that any objection must be

specific, written, and filed within fourteen days. It further warned that a failure to object "shall

bar the party from a *de novo* determination by the district court."

No one has filed any objection to the Report and Recommendation, and the time for

doing so has expired. Accordingly, the Court reviews the Report and Recommendation only to

determine whether any finding or recommendation is clearly erroneous or contrary to law. *See*

*Johnson v. Sw. Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016) (citing *U.S. v. Wilson*,

864 F.2d 1219, 1221 (5th Cir. 1989)).[1]

---

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to

Consistent with § 636(b)(1), the Court has reviewed the Report and Recommendation for clear error on the face of the record. Finding no such error, the Court **ACCEPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute this case and for her failure to comply with court orders. As set out by the Magistrate Judge, the dismissal of this action without prejudice is likely to have a with prejudice effect due to the applicable limitations period. The Court has thus applied the heightened, with-prejudice standard in deciding whether dismissal is appropriate. As thoroughly addressed by the Magistrate Judge, the heightened standard supports dismissing this action with prejudice.

Two other matters deserve brief discussion. First, Defendants have submitted a request for reasonable expenses (ECF No. 19) in accordance with a prior court order (ECF No. 18). That prior order—a Second Show Cause Order—highlighted various failures by Plaintiff or her attorney; stated that the Magistrate Judge would award reasonable expenses, including attorney's fees, for Plaintiff's discovery failure leading to a successful motion to compel; and ordered Plaintiff to show cause why the Court should not impose further sanctions. After Plaintiff failed to respond to the Second Show Cause Order, the Magistrate Judge issued the instant recommendation without addressing the issue of reasonable expenses incurred on the motion to compel. By not objecting to this omission, Defendants have arguably waived their request for expenses in favor of the harsher sanction of dismissal with prejudice.

Nevertheless, when the Court denied Defendant's motion to dismiss for lack of prosecution, it expressly admonished "Plaintiff that sanctions, up to and including dismissal, may be imposed" should her inaction in this case persist. ECF No. 17 at 3–4. The Court also expressly

---

object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Wilson*, 864 F.2d at 1221.

admonished "counsel for Plaintiff that sanctions against him could include monetary sanctions payable to Defendants or to the Court in addition to referring him to the disciplinary board for inaction or delays attributed to him." *Id*. at 4. The Court further expressed concern about whether the failures in this case were "properly attributable to counsel or to the client." *Id*.

Given these admonitions to counsel, the Court finds that it is well within its broad discretion to monetarily sanction Plaintiff's attorney, Robert A. Valdez, in addition to dismissing this case. While it is uncertain whether Plaintiff herself is responsible for any failure leading to sanctions in this case, it is crystal clear that her attorney has filed nothing in response to a motion to compel, a motion to dismiss, two orders to show cause, an order denying the motion to dismiss, and the recommendation of dismissal. Counsel has been absent from this case since jointly filing an ADR report in early March, 2025. Consequently, the Court monetarily sanctions Mr. Valdez in the amount of $1,000.00 payable to defendants. This amount recognizes the approximately 6.8 hours defense counsel expended on the motion to compel while sanctioning Mr. Valdez for his inaction. Further, because the clear failures of counsel led directly to the dismissal of this case, the Court also monetarily sanctions Mr. Valdez in that same amount payable to his client, Audrey Gover. In addition, the Court will report him to the disciplinary board for his inaction in this case. By separate document, the Court will issue an appropriate judgment in accordance with Fed. R. Civ. P. 58, including the other sanctions imposed herein.

**It is so ORDERED this 2nd day of October 2025.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**